Filed 8/28/24  P. v. Parnell CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>RICKY PARNELL,<br><br>　　　Defendant and Appellant. | B331647<br><br>(Los Angeles County<br>Super. Ct. No. NA077295) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed as modified.

　　　Jason Szydlik, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Marc A. Kohm and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

## MEMORANDUM OPINION[1]

In 2008, the trial court sentenced appellant and defendant Ricky Parnell to an indeterminate life sentence, additional terms of imprisonment including some pursuant to enhancements, and various other terms including fines and fees. In 2022, after a change in the law, the trial court recalled Parnell's sentence pursuant to Penal Code[2] section 1172.75 and, in 2023, it resentenced him. Parnell now appeals from that resentencing. He argues, the Attorney General agrees, and we concur that the court made several errors that require correction.

First, the court failed to calculate Parnell's custody credits properly, instead calculating a portion in years and months instead of days, and directing the Department of Corrections and Rehabilitation (CDCR) to calculate the remainder. This was error. (§ 2900.5, subd. (d) ["It is the duty of the court imposing the sentence to determine the date or dates of any admission to, and release from, custody prior to sentencing and the total number of days to be credited pursuant to this section"].) The parties agree, and we concur, that Parnell is entitled to 5,603 actual days of custody credit and 30 presentence conduct days.

Second, the court increased the restitution and parole revocation fines from the original amount of $7,200 to $10,000. The parties agree, and we concur, that penalizing Parnell in this manner for challenging his sentence violates the constitutional prohibition against double jeopardy. (*People v. Hanson* (2000) 23

---

[1] See California Standards of Judicial Administration section 8.1(1).

[2] All unspecified statutory references are to the Penal Code.

Cal.4th 355.)[3] The restitution fine, along with the parole revocation fine that was suspended unless parole is revoked, must therefore be reduced to $7,200 each.

Third, the trial court denied a defense request to strike a prior serious felony enhancement imposed pursuant to section 667, subdivision (a)(1) in the interests of justice. Instead, the court imposed and stayed that enhancement. This was error as the trial court did not have authority to stay the enhancement in this manner. (*People v. Bay* (2019) 40 Cal.App.5th 126, 139; [" 'The trial court has no authority to stay an enhancement, rather than strike it—not, at least, when the only basis for doing either is its own discretionary sense of justice' "].) Where the record does not disclose any statement of reason for such an illegal sentence, we remand with directions to the trial court either to strike or to impose the enhancement. (*People v. Jordan* (2003) 108 Cal.App.4th 349, 368-369.) Here, however, the record shows that in deciding to stay the enhancement, the court considered Parnell's post-conviction conduct in its entirety and exercised its discretion under section 1385 to shorten Parnell's sentence and allow him an opportunity for early release. We agree with the parties that it appears the court simply misspoke when it stayed the enhancement instead of striking it, and therefore concur in the parties' request to strike the enhancement without the need for further proceedings.

---

[3] Although Parnell's counsel failed to object to the increased fines during the resentencing proceeding, we agree with the parties that there is no conceivable tactical reason for defense counsel not objecting, and this ineffective assistance of counsel permits us to reach Parnell's double jeopardy claim on direct appeal. (*People v. Weaver* (2001) 26 Cal.4th 876, 926.)

Fourth, the abstract of judgment incorrectly states that the court imposed the midterm on counts 1 through 6 when in fact the court imposed the low term on all six counts.  We agree with the parties this needs to be corrected.

### DISPOSITION

The judgment is affirmed with the following modifications, which the trial court is directed to incorporate upon remand: (1) Parnell is entitled to 5,603 actual days of custody credit and 30 presentence conduct days; (2) the restitution and parole revocation fines are $7,200 each instead of $10,000; and (3) the prior serious felony enhancement imposed pursuant to section 667, subdivision (a)(1) is stricken.  The clerk is to prepare a corrected judgment along with a corrected abstract of judgment reflecting these modifications, as well as the court's imposition of the low term on counts 1 through 6, and forward the amended abstract of judgment to the CDCR.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

KELLEY, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4